People v Gonzalez (2024 NY Slip Op 51704(U))

[*1]

People v Gonzalez (Juan)

2024 NY Slip Op 51704(U)

Decided on December 17, 2024

Appellate Term, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on December 17, 2024
SUPREME COURT, APPELLATE TERM, FIRST DEPARTMENT

PRESENT: Tisch, J.P., James, Perez, JJ.

570198/21

The People of the State of New York, Respondent,
against
Juan Gonzalez, Defendant-Appellant.

Defendant appeals from a judgment of the Criminal Court of the City of New York, New York County (Anne J. Swern, J.), rendered September 14, 2021, convicting him, upon his plea of guilty, of petit larceny, and imposing sentence.

Per Curiam.
Judgment of conviction (Anne J. Swern, J.), rendered September 14, 2021, affirmed.
In view of defendant's knowing waiver of his right to prosecution by information, the accusatory instrument only had to satisfy the reasonable cause requirement (see People v Dumay, 23 NY3d 518 [2014]). So viewed, the accusatory instrument was jurisdictionally valid because it described facts of an evidentiary nature establishing reasonable cause to believe that defendant was guilty of petit larceny (see Penal Law § 155.25). The instrument recited that complainant reported to police that her bag, containing several credit cards and Bose ear buds, became missing while she was inside the TGI Friday's at Penn Station; that police reviewed video surveillance inside that establishment and observed defendant taking complainant's bag and removing it from the location; and that upon his arrest, defendant was in possession of the complainant's driver's license, school identification, credit cards and a set of Bose ear buds. These allegations and the reasonable inferences to be drawn from them were sufficient for pleading purposes to establish that defendant "exercised dominion and control over the property for a period of time, however temporary, in a manner wholly inconsistent with the owner's continued rights," thereby satisfying the "taking" element of the offense (People v Jennings, 69 NY2d 103, 118 [1986]; see People v Olivo, 52 NY2d 309, 317-318 [1981]; People v Livingston, 150 AD3d 448 [2017], lv denied 29 NY3d 1093 [2017]). Defendant's larcenous intent and lack of consent to take the bag are readily inferable from the surrounding circumstances of his actions (see People v Olivo, 52 NY2d at 320 n 8; see also People v Jennings, 69 NY2d at 118). That other, innocent inferences could possibly be drawn from the facts is irrelevant on this pleading stage inquiry (see People v Deegan, 69 NY2d 976, 979 [1987]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur 
Decision Date: December 17, 2024